## DOWNS v KAUFMAN MOTORS, INC et

Ohio Appeals, 2nd Dist, Franklin Co

No 2601. Decided March 16, 1936

Paul M. Herbert, Columbus, for plaintiff in error.

Hamilton, Kramer & Wiles, Columbus, for defendants in error.

## OPINION

**By BODEY, J.**

The only question presented is whether or not the facts above set forth tend to establish that the defendants were engaged in a joint enterprise at the moment that Robert Downs was injured. If the evidence offered is such that reasonable minds might differ upon its probative value as related to the issue of joint enterprise, then the trial court was in error in directing a verdict. However, if no proof of joint enterprise was offered, then the action of the trial court was correct. In view of the allegations of her amended petition, plaintiff may only recover by showing that the two defendants were so engaged at the time of the accident.

A discussion and review of the cases cited in the briefs would be of little value because the court is bound by the latest pronouncement in Ohio on the subject of joint enterprise as found in the case of **Bloom v Leach, Admr., 120 Oh St, 239.** We quote the second branch of the syllabus:

"A 'joint enterprise' within the law of imputed negligence is the joint prosecution of a common purpose under such circumstances that each member of such enterprise has the authority to act for all in respect to the control of the agencies employed to execute such common purpose."

In the opinion the court uses this language: "The principle of joint enterprise is based on partnership or mutual agency."

With this definition before us, we apply the law of the facts of this case and ask these questions: Did Kaufman Motors, Inc., have the authority to act for each and every other exhibitor at this automobile show in respect to the control of the employees of the various exhibitors and the Columbus Automobile Dealers Company? Did the Columbus Automobile Dealers Company have authority to act for Kaufman Motors, Inc., and for each and every other exhibitor in respect to the control of their employees and their respective displays? Did Kaufman Motors, Inc., have authority to allot space? Did it have authority to collect admissions or rentals? Was it liable to J. W. Thompson Company on the contract for decorating the auditorium? Was Kaufman Motors, Inc., entitled to the allowance of a dividend by the Columbus Automobile Dealers Company? It is obvious that each of these questions must be answered in the negative. Many more questions might be pro-

pounded concerning the relationship of these defendants, but, under the facts, each must carry with it a negative answer insofar as it relates to the existence of a partnership or a mutual agency. In our opinion, the element of mutuality is missing in the relation which existed between these defendants. We have carefully read the entire record and we have examined the exhibits offered. By employing the most liberal rules of construction, we are unable to find present any evidence in this record which establishes a joint enterprise as the same has been defined by our Supreme Court. We must, therefore, conclude that the trial court properly directed the return of this verdict.

We have examined all of the errors assigned in the petition in error. We find no prejudicial error in any of these particulars. There being no such error, the judgment of the trial court is affirmed. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.